**Eric L. Buchanan**
*Licensed in Tennessee and Georgia*

**Hudson T. Ellis**
*Licensed in Tennessee, Georgia and the District of Columbia*



ERIC BUCHANAN
— & ASSOCIATES —

DISABILITY INSURANCE ATTORNEYS

PO Box 11208
Chattanooga, TN 37401

(877) 634-2506 ▪ (423) 634-2506
Fax (423) 634-2505
www.buchanandisability.com

February 12, 2025

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/12/25
```

<u>Via ECF:</u>

**MEMORANDUM ENDORSED**

The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

    Re:    *Arrabito v. First Unum Life Ins. Co. et al.*
             Case No.: 1:24-cv-05054-GHW-JW

Dear Judge Woods:

In accordance with Subsection E(ii) of the Court's Individual Rules of Practices in Civil Cases and Local Rule 37.2, the parties submit the following joint letter motion seeking the Court's assistance in resolving a discovery dispute in this ERISA action.

Following the Court's order dated November 26, 2024 (Ct. Doc. 21), Defendants responded to Plaintiff's discovery requests and provided some responsive information. Defendants withheld other responsive information based on confidentiality grounds. Defendants assert they will produce the withheld information to Plaintiff only upon entry of a protective order. Plaintiff has proposed entry of a protective order Defendants have agreed to, and asked for, in other ERISA cases when producing the same information sought in this case. Defendants would not agree to the entry of Plaintiff's proposed protective order and instead proposes entry of one that would require Plaintiff to return all confidentially designated information at the

conclusion of this lawsuit.  Following continued discussion, the parties have reached an impasse regarding the appropriate protective order needed in this case.  Since Defendants will not produce the responsive information until after a protective order is entered and Plaintiff cannot review and confirm whether additional production is necessary and warranted until the responsive information is produced, the parties respectfully request assistance from the Court in entering an appropriate protective order.  The parties' positions on this dispute are as follows:

1. **Plaintiff's Position:**

The entry of Plaintiff's proposed protective order is warranted to promote efficient discovery and reduce discovery-related costs in subsequent and concurrent ERISA litigation between Defendants and Plaintiff's Counsel.  Counsel for Plaintiff regularly litigates against Defendants before this Court and others and seeks the same conflict of interest discovery in almost every case.  The discovery obtained in one ERISA matter against Defendants is often highly relevant to Defendants' conflict of interest in other concurrent and subsequent ERISA matters.  To this point, Plaintiff notes she anticipates introducing evidence relevant to Defendants' conflict of interest in this case that was obtained in other ERISA cases against Defendants.  Accordingly, the provisions of Plaintiff's proposed protective order, attached hereto as Exhibit A, would allow Plaintiff's counsel to retain and attempt to use confidentially designated information subject to the continuing protections outlined in Exhibit A in concurrent and subsequent ERISA cases before this Court and help reduce the need for duplicative discovery as well as reduce discovery-related costs.

Furthermore, Defendant has agreed to, and even asked for, entry of Plaintiff's proposed protective order in a myriad of ERISA cases before other federal courts.  Those cases include, but are not limited to, the following: *Mitchell v. Unum Life Ins. Co. of America, et al.*, Case No.

1:18-cv-0094 (E.D. Tenn), on February 8, 2021 (Ct. Doc. 133); *Sandeen v. Unum Life Ins. Co. of America, et al.*, Case No. 1:18-cv-00248 (E.D. Tenn), on February 8, 2021 (Court Doc. 112); *Galvin-Bliefernich v. First Unum Life Ins. Co. of Am., et al.*, Case No. 1:20-cv-00266 (E.D. Tenn.), on June 2, 2021 (Ct. Doc. 26); *Willard v. Unum Life Ins. Co. of Am., et al.*, Case No. 1:20-cv-00125 (E.D. Tenn), on March 23, 2021 (Ct. Doc. 36); *Harmon v. Unum Life Ins. Co. of Am., et al.*, Case No. 1:20-cv-00318 (E.D. Tenn), on December 8, 2021 (Ct. Doc. 22); *Zanaty v. Unum Life Ins. Co. of Am. , et al.*, Case No. 1:21-cv-00140 (E.D. Tenn.), on March 1, 2022 (Ct. Doc 26); *Young v. Provident Life and Acc. Ins., et al.*, Case No. 2:21-cv-00041 (M.D. Tenn.), on March 8, 2022 (Ct. Doc. 22); *Mercer v. Unum Life Ins. Co. of Am. et al.*, 3:22-cv-00337 (M.D. Tenn), on November 8, 2022 (Ct. Doc. 25); *Frost v. Unum Life Ins. Co. of Am., et al.*, Case No. 1:21-cv-00269 (E.D. Tenn.), on December 7, 2022 (Ct. Doc. 50); *Dodd v. Unum Life Ins. Co. of Am., et al.*, Case No. 1:22-cv-03079 (N.D. GA), on December 8, 2022 (Ct. Doc. 14); *Smith v. Unum Life Ins. Co. of Am. et al.*, Case No. 1:21-cv-00294 (E.D. Tenn.), on December 7, 2022 (Ct. Doc. 61); as well as *Lemons v. Unum Life Ins. Co. of Am., et al.*, Case No. 10259-11 filed in the Circuit Court for Grainger County, Tennessee on April 5, 2024.  Given Defendants' routine use of this protective order in a multitude of other ERISA cases with Plaintiff's counsel, Defendants have no reasonable basis to dispute its entry in this case.

      To the extent Defendants oppose entry of Plaintiff's proposed protective order on fears that designated information could become more vulnerable to divulgement if copies of it were retained by Plaintiff's counsel, such contention is belied by Defendants' repeated use of this protective order in other ERISA cases, including those listed above.  Any potential fears are also adequately addressed by the language in Plaintiff's proposed protective order conditioning the attempted use of any retained information on Plaintiff's counsel first notifying Defendant's

counsel—both in the originating case and subsequent case—of the intent to use confidentially designated information. *See* Exhibit A, ¶ 9 at pp.6-7.

For the above reasons and to promote cost and time efficient ERISA discovery, Plaintiff asks for an order entering Plaintiff's proposed protective order attached as Exhibit A.

2.  **Defendants' Position:**   In response to Plaintiff's discovery demands, Defendant possesses certain confidential documents that necessitate a protective order prior to disclosure. Defendant appreciates Plaintiff's consent to the entry of a protective order, and respectfully submits that the court enter Defendant's version of the proposed protective order attached hereto as Exhibit B.  This draft protective order is modeled after Your Honor's standard form protective order, found in Your Honor's Individual Practices, and is the standard form of protective order used in this District.  This is this plaintiff's counsel's second attempt to expand the protection typically afforded in this District. He most recently made this same request in *Smith v. First Unum*, Civil Action No.: 1:23-CV-07400, citing the same alleged justification, namely, that Defendant has agreed to a different form of protective order in another judicial district, without otherwise identifying any need to loosen the protections afforded here.  Judge Clark rejected plaintiff's reasoning and entered her standard form protective order, which is identical in all substantive respects to Your Honor's. See, *Smith v. First Unum*, Civil Action No.: 1:23-CV-07400, Dkt. 29.

While Defendant has engaged in several litigations against Plaintiff's firm wherein Plaintiff's proposed protective order was employed (overwhelmingly in Tennessee), defendant has never agreed to the use of Plaintiff's proposed protective order in this District, finding this District's order to be substantially and suitably protective to the needs of this case.  Accordingly, Defendant respectfully requests that the Court adopt Defendant's proposed protective order to maintain consistency and reliability in the management of confidential materials in this District.

Respectfully submitted this 12th day of February 2025.

BY: *s/ Noah Breazeale*
Noah A. Breazeale*
414 McCallie Avenue
Chattanooga, Tennessee 37402
(423) 634-2506
(423) 634-2505 (fax)
nbreazeale@buchanandisability.com
*Admitted Pro Hac Vice*
*Attorneys for Plaintiff*

*s/ Louis P. DiGiaimo*
Louis Philip DiGiaimo
McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
One Hovchild Plaza
4000 Route 66
Tinton Falls, NJ 07753
Tel: (973) 425-8843
Email: ldigiaimo@mdmc-law.com
*Attorneys for Defendants*

Application denied without prejudice. The parties' joint letter motion seeking the Court's assistance in resolving a discovery dispute, Dkt. No. 24, is denied without prejudice. This case is referred to Judge Willis for general pretrial matters and dispositive motions. The parties may renew their motion before Judge Willis. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 24.

SO ORDERED.

Dated: February 12, 2025
New York, New York

GREGORY H. WOODS
United States District Judge

5