

Eric L. Buchanan
*Licensed in Tennessee and Georgia*

Hudson T. Ellis
*Licensed in Tennessee, Georgia and the District of Columbia*

**ERIC BUCHANAN**
**— & ASSOCIATES —**
DISABILITY INSURANCE ATTORNEYS

PO Box 11208
Chattanooga, TN 37401

(877) 634-2506 ▪ (423) 634-2506
Fax (423) 634-2505
www.buchananddisability.com

May 12

<u>Via ECF</u>:
The Honorable Judge Jennifer E. Willis
United States Magistrate Judge
Southern District of New York
40 Foley Square, Room 425
New York, NY 10007

> The court will hold a discovery conference on **June 5, 2025 at 2:30 PM** in Courtroom 228 of 40 Foley Square, New York, New York 10007. SO ORDERED.
>
> *Jennifer E. Willis*
> JENNIFER E. WILLIS
> UNITED STATES MAGISTRATE JUDGE
> May 15, 2025

    Re:    ***Arrabito v. First Unum Life Ins. Co. et al.***
             ***Case No.: 1:24-cv-05054-GHW-JW***

Dear Magistrate Judge Willis:

    In accordance with Subsection E(ii) of the Court's Individual Rules of Practices in Civil Cases and Local Rule 37.2, the parties submit the following joint letter motion seeking the Court's assistance in resolving a discovery dispute in this ERISA action.

    Following the Court's order dated November 26, 2024 (Ct. Doc. 21), Defendants responded to Plaintiff's discovery requests and proJoint vided some responsive information. Defendants withheld other responsive information based on confidentiality grounds. Following the Court's entry of a protective order (Ct Doc. 28), Defendants produced the previously withheld responsive information to Plaintiff on March 5, 2025. Plaintiff reviewed Defendants responses and determined they were insufficient. Accordingly, Plaintiff provided a letter to Defendants dated March 18, 2025, identifying the deficiencies and asking Defendants to produce additional information. *See* Plaintiff's R.37 Letter dated March 18, 2025, attached as Exhibit A. Defendants responded to Plaintiff's letter on April 1, 2025, and agreed to provide additional responsive information to some but not all of Plaintiff's discovery requests. *See* Copy of Defendants' letter dated April 1, 2025, attached as Exhibit B. In the letter, Defendants maintained their objections to three interrogatories and one request for production. Finally, Defendants confirmed they were still investigating whether there were any responsive to information to another request for production. Defendants confirmed the investigation was completed and that no responsive documents were located. *See* Copy of Defense Counsel Email dated April 11, 2025, attached as Exhibit C.

    At this point, the parties have reached an impasse regarding two written discovery requests and as to whether Plaintiff should be permitted to depose Unum Director Katy Dixon and Dr. Neal Greenstein. Because the parties have reached an impasse, they respectfully request judicial intervention to resolve the discovery disputes. The parties' positions are as follows:

    **1. Plaintiff's Position:**

Plaintiff seeks complete responses to the following two written discovery requests:

**Written Interrogatory No. 6:**

- For the doctors employed by Unum who reviewed, attended a meeting discussing, considered, or gave an opinion related to Plaintiff's claim, including but not limited to Dr. Stephen Krisch, Dr. Norman Bress, and Dr. Neal Greenstein, M.D.,--please identify for the years 2020 and 2024 the following:

- The number of claims each doctor provided a written medical opinion (this includes "written reviews," "doctoral reviews," and "OSP Reviews").

- The number of claims each doctor provided a written medical opinion finding that the claimant's disability was supported.

**Request for Production No. 4:**

- For the Relevant Period [defined as the period between October 20, 2020, through February 29, 2024], please produce each email from the AVP to the Director that includes the terms "recovery," "recoveries," "guidance," "projection," "results," "on track," "on pace," "on target," or "estimate." This includes if those terms are in the attachment to the email.

Additionally, Plaintiff seeks to depose Unum Director Katy Dixon, who was involved in the initial denial of Plaintiff's claim, and Dr. Neal Greenstein, whose opinions formed the basis for Defendants' denial of Plaintiff's appeal.

The aforementioned discovery requests are narrowly tailored and limited to Defendants' conflict of interest. This bias and conflict of interest discovery is within the scope allowed and even recommended by the Supreme Court in *Metlife v. Glenn. See* 554 U.S. 105, 116 (2008); *see also Burgio v. Prudential Life Ins. Co. of Am.*, 254 F.R.D. 219 (E.D. N.Y. 2008) (permitting discovery on the issue of the existence of a conflict of interest).

Regarding Written Interrogatory No. 6, relevant case law shows evidence which confirms an internal or external doctor is regularly providing reviews to an administrator that overwhelmingly find disability unsupported is highly relevant to the Court's review under the arbitrary and capricious standard. *See Burgio,* 253 F.R.D. 219 at 234; *see also Chacko v. AT&T Umbrella Ben. Pl. No. 3*, 2023 WL 5806455 at 18 (E.D. Cal. Sept. 7, 2023). This information is particularly relevant here because Plaintiff submitted evidence to Defendants during the administrative phase of her claim showing Dr. Greenstein was regularly providing Defendants with reports containing the same boilerplate conclusions that all superficially supported the denial of benefit claims, including hers. Accordingly, Interrogatory No. 6 and the proposed deposition of Greenstein are both relevant and necessary to explore the extent to which Greenstein's opinions were tainted by Defendants' financial bias or the result of a denial-oriented investigation.

**Defendants' Position**. This is not a typical discovery dispute over a single interrogatory, a single request for production, and related depositions. In this ERISA case, where the plan provides the claim administrator with discretionary authority, "the presumption is that judicial review is limited to the record in front of the claims administrator unless the district court finds good cause to consider additional evidence." *Muller v. First Unum Life Ins. Co.*, 341 F.3d 119, 125 (2d Cir. 2003) (citation omitted). Thus a plaintiff is not automatically entitled to any discovery that she deems necessary to build her case. In determining whether to allow discovery beyond production of the administrative record courts apply one of two standards: (1) the "reasonable chance" standard or (2) the standard set forth in Fed. R. Civ. P. 26 ("R 26 Standard").

Most courts in the Second Circuit follow the reasonable chance standard. That is, a plaintiff must show that there is a reasonable chance that the requested discovery will satisfy the good cause requirement. *Shelton v. Prudential Ins. Co.*, 2016 U.S. Dist LEXIS 74739, *16 (S.D.N.Y. June 8, 2016). Otherwise Plaintiff "could indulge in fishing expeditions by summarily stating that any requested discovery might help to show good cause." *Anderson v. Sotheby's Inc. Severance Plan*, 2005 U.S. Dist. LEXIS 9033, *17 (S.D.N.Y. May 12, 2005). Thus, a plaintiff must allege facts that the conflict of interest actually affected the administrator's decision on her claim. *See, Durham v. Prudential Ins. Co. of Am.*, 890 F.Supp.2d 390, 397 (S.D.N.Y. 2012).

A minority of courts in the Second Circuit apply the R 26 Standard, wherein the plaintiff must establish that the discovery request is narrowly tailored to the "financial conflict of interest inquiry" and proportional to the needs of the case. *N'Diaye v. Metro. Life Ins. Co.*, 2018 U.S. Dist. LEXIS 78417, *19-20 (S.D.N.Y. May 18, 2018). Even under this standard, "some degree of caution" is required to ensure that discovery is limited "if the burden or expense of the proposed discovery outweighs its likely benefit" and appropriate weight given to the "significant ERISA policy interests of minimizing costs of claims disputes and ensuring prompt claim-resolution procedures." *Locher v. Unum Life Ins. Co. of Am.*, 389 F.3d 288, 295 (2d Cir. 2004).

Without waiving its objections, Unum substantively responded to many of Plaintiff's discovery demands and supplied additional documentation outside of the administrative record. More specifically, it produced, to the extent available, the performance plan templates for 2022 (the year the claim was denied) applicable to Lead Disability Benefit Specialist Chelsey Walker as well as Director Katy Dixon (the individual who managed Chelsey Walker at the time the claim determination was made); the performance plan templates for 2024 (the year the appeal decision was rendered) applicable to Lead Appeals Specialist Shannon Cartier as well as Appeals Director Ashley LaRose (the individual who managed Shannon Cartier at the time the appeal decision was made); and search for but was unable to locate any emails sent from Katy Dixon to Chelsey Walker that contained Plaintiff's last name, Plaintiff's claim number, nor the terms "projection," "results," "momentum," "on track," "on pace," "estimate."

As to the discovery sought in this application, plaintiff has not satisfied her burden of alleging specific facts regarding a conflict of interest justifying the discovery sought, or that the demands are narrowly tailored to the conflict of interest inquiry. Accordingly, Plaintiff's request for an order compelling responses and depositions should be denied.

**Defendant's objection to Interrogatory Number 6:** Interrogatory Number 6 seeks what has been called "batting average" information to try and develop a theory that the opinions of Dr. Greenstein (or any other reviewing physician) regarding the medical conditions of other insureds are somehow relevant to the evaluation of plaintiff's medical conditions, or show bias. Further, it seeks information over a period of time beyond when Plaintiff's claim was adjudicated; and seeks protected health information and/or confidential information of other insureds.

This information has no relevance and is not proportional to the needs of the case considering the amount in controversy, the importance of the issues, and the importance of the discovery sought in resolving those issues. Dr. Greenstein and other reviewing physicians are not vested with authority to terminate Plaintiff's or any insured's claim. No probative evidence of bias can be derived based on reviews performed by the referenced physicians regarding unrelated claims, particularly without an analysis to determine whether each individual review was supported by the particular evidence of that claim. See *Smith v. First Unum Life Ins.,* No. 19 Civ. 00298 (NSR), 2020 BL 408458, at *12 (S.D.N.Y. Oct. 21, 2020) ("a bare denial rate does "not prove bias or conflict of interest," because Plaintiff would also "have to show that each of those decisions was unreasonable based on the evidence in each file."") *Hughes v. Hartford Life & Acc. Ins. Co.*, 507 F. Supp. 3d 384, 399 (D. Conn. 2020) (holding "bare numbers or percentages" are "meaningless without additional context – and that context cannot be provided without holding mini-trials on the other claims"); *DeMarco v. Life Ins. Co. of N. Am.* No. CV-19-02385-PHX-DWL, 2020 WL 906461, at *2 (D. Ariz. February 25, 2020) (denying "batting average" discovery and observing that "the rate at which a medical reviewer finds a claimant to be disabled or not disabled is an imperfect proxy for bias because it fails to account for whether the medical reviewer's findings were correct."); *Clifton v. Connecticut Gen. Life Ins. Co.*, 2020 WL 6498964, at *3 (D. Ariz. Oct. 21, 2020) (denying "batting average" discovery regarding insurer's medical reviewers); *Dilley v. Metropolitan Life Ins. Co.*, 256 F.R.D. 643, 645 (N.D. Cal. 2009) (observing that "[d]etails of the number of claims denied based on a medical records review … would be meaningless unless a finding could be made that MetLife had wrongly denied those claims.").

The discovery request is unduly burdensome because it would require a manual review of each of the claims in which Dr. Greenstein performed a review to determine whether his opinion supported a "finding that claimant's disability was supported." Finally, it seeks information containing protected health information of other insureds.

**Defendants' objections to RFP Number 4**: This Request is over broad and unduly burdensome in scope and time, particularly to the extent it would require Unum to search for emails that (i) relate to individuals who were not involved in the handling of Plaintiff's claim, (ii) include a period of time beyond the administration of Plaintiff's claim; (iii) do not contain information related to Plaintiff's claim, and/or (iv) contain cumulative or duplicative information being produced to Plaintiff and the documents which Defendant has produced are sufficient to show recovery metric data for the claims assigned to the Director's team during the time period Plaintiff's LTD claim was open. Further, the request seeks production of documents that are neither relevant to the claims or defenses of any party to this litigation nor proportional to the needs of the case considering the amount in controversy, the importance of the issues at stake in this action, and the importance of the discovery sought in resolving the issues; and to the extent the request seeks documents potentially containing information regarding other insureds.

Numerous courts have rejected this plaintiff's counsel's request for this identical discovery in other cases. No court has credited the assertion that the recovery data made available to the claim director impacts the standard of review or otherwise shows that claim decision at issue was tainted by financial bias. See, e.g., *Olah v. Unum Life Ins. Co.,* No. 1:19-CV-96-KAC-CHS, 2023 WL 7305033, at *8-9 (E.D. Tenn. Nov. 6, 2023), appeal dismissed, No. 23-6067, 2024 WL 2852092 (6th Cir. Mar. 20, 2024); *Harmon v. Unum Life Ins. Co. of Am.*, No. 1:20-CV-318-KAC-CHS, 2023 WL 4166085, at *16 (E.D. Tenn. June 23, 2023), affd, No. 23-5619, 2024 WL 1075068 (6th Cir. Mar. 12, 2024); *Frost v. Unum Life Ins. Co. of Am.*, No. 1:21-CV-269, 2023 WL 2261415, at *16-18 (E.D. Tenn. Feb. 14, 2023); *Sandeen v. Paul Revere Life Ins. Co.*, No. 1:18-CV-248, 2022 WL 966848, at *13-15 (E.D. Tenn. Mar. 30, 2022), sub nom. *Sandeen v. Unum Grp. Corp.*, No. 22-5374, 2023 WL 2379012 (6th Cir. Mar. 7, 2023). These decisions have emphasized, among other things, that the recovery data is made available only to the director and is not available to the benefits specialist handling the claim or any of the other individuals who play key roles in the ultimate decision including medical consultants. The Middle District of Tennessee also recently similarly observed the lack of "any connection, beyond conclusory and tenuous allegations," between the director's access to recovery data and "the ultimate decision to deny plaintiff's claim." *Mercer v. Unum Life Ins. Co. of Am.*, et al., No. 3:22-cv-337, 2025 WL 27603 at *10, appeal pending (E.D. Tenn. Jan. 3, 2025).

**Defendants' objection to depositions of Katy Dixon and Dr. Greenstein**. First Unum similarly objects to the proposed depositions of Katy Dixon and Dr. Greenstein for the reasons cited above. Moreover, neither person is a party to this lawsuit. It is undisputed that given the arbitrary and capricious standard of review plaintiff is not permitted discovery into the merits of the claim administration, and may be permitted, at most, to seek discovery regarding the structural conflict of interest. There is thus no basis to demand depositions of specific individuals involved in the administration of the claim. To the extent Plaintiff is authorized to conduct any discovery into the structural conflict of interest, that discovery should be directed solely to Unum. To this end Unum offered to Plaintiff that it would review and consider a Rule 30(b)(6) deposition notice, but none was forthcoming. Without knowledge of Plaintiff's specifically intended areas of questioning it is impossible to formulate a more specific objection. For this reason alone, plaintiff's request for depositions for specifically identified individuals should be denied.

| | |
|---|---|
| BY: *s/ Noah Breazeale*<br>Noah A. Breazeale*<br>414 McCallie Avenue<br>Chattanooga, Tennessee 37402<br>(423) 634-2506<br>(423) 634-2505 (fax)<br>nbreazeale@buchanandisability.com<br>*Admitted Pro Hac Vice*<br>*Attorneys for Plaintiff* | *s/ Louis P. DiGiaimo*<br>Louis Philip DiGiaimo<br>McElroy Deutsch<br>One Hovchild Plaza<br>4000 Route 66<br>Tinton Falls, NJ 07753<br>Tel: (973) 425-8843<br>Email: ldigiaimo@mdmc-law.com<br>*Attorneys for Defendants* |