

Eric L. Buchanan
*Licensed in Tennessee and Georgia*

Hudson T. Ellis
*Licensed in Tennessee, Georgia and the District of Columbia*

**ERIC BUCHANAN**
**— & ASSOCIATES —**

DISABILITY INSURANCE ATTORNEYS

PO Box 11208
Chattanooga, TN 37401

(877) 634-2506 ▪ (423) 634-2506
Fax (423) 634-2505
www.buchanandisability.com

September 2, 2025

> The Court will hold a discovery conference on **December 2, 2025 at 2:30 PM** in Courtroom 228 of 40 Foley Square, New York, New York 10007.
> SO ORDERED.
>
> *Jennifer E. Willis*
> JENNIFER E. WILLIS
> UNITED STATES MAGISTRATE JUDGE
> October 21, 2025

<u>Via ECF</u>:
The Honorable Judge Jennifer E. Willis
United States Magistrate Judge
Southern District of New York
40 Foley Square, Room 425
New York, NY 10007

  Re:  *Arrabito v. First Unum Life Ins. Co. et al.*
      Case No.: 1:24-cv-05054-GHW-JW

Dear Magistrate Judge Willis:

  In accordance with Subsection E(ii) of the Court's Individual Rules of Practices in Civil Cases and Local Rule 37.2, the parties submit the following joint letter motion seeking the Court's assistance in resolving a discovery dispute in this ERISA action.

  Plaintiff previously served written discovery on Defendants on November 21, 2024. Defendants responded on January 4, 2025, and provided some, but not all, responsive information to Plaintiff's written discovery. Following entry of a protective order on February 24, 2025, Defendants supplemented their previous responses on March 5, 2025. Plaintiff reviewed Defendants' supplemental responses and determined they were insufficient with respect to several interrogatories and requests for production. Accordingly, Plaintiff provided Defendants with a notice letter pursuant to FRCP 37 and asked Defendants to provide complete responses to Plaintiff's Interrogatory No.'s 4, 5, & 6, as well as Plaintiff's Request for Production No.'s 3, 4, 7, & 8. Defendants responded to Plaintiff's letter on April 1, 2025, and agreed to provide additional responsive information to some but not all of Plaintiff's discovery requests.

  Thereafter, the parties filed a joint discovery dispute regarding Plaintiff's Interrogatory No. 6, Plaintiff's Request for Production No. 4, and whether Plaintiff would be permitted to depose Director Katy Dixon and Dr. Neil Greenstein (Ct. Doc. 33-0). After a hearing, the Court issued an Order (Ct. Doc. 39) denying Plaintiff's motion to compel further responses to Interrogatory No. 6 and Request for Production No. 4 as well as Plaintiff's request to depose Director Dixon. The Court, however, granted Plaintiff's motion for leave to depose Dr. Neil Greenstein about his financial conflict of interest and whether such conflict affects his file-reviewing opinions, including those relied on by Defendants here.

After the Court's Order, Plaintiff asked Defendants to supplement their previous responses to Plaintiff's No. 5 and identify how much Unum paid Dr. Greenstein—or the entity that contracted with Greenstein for his work—during the years 2020 through 2024. *See* Copy of Plaintiff's Supplemental Request Letter dated July 22, 2025, attached as Exhibit A. On August 13, 2025, counsel for Defendants confirmed they would not identify the amount(s) paid to Dane Street for Dr. Greenstein's services during the years of 2020 through 2024. At this point, the parties have reached an impasse regarding Plaintiff's Interrogatory No.5 (e), and they respectfully request judicial intervention to resolve this discovery dispute. The disputed interrogatory and the parties' positions are stated as follows:

**Written Interrogatory No. 5(e):**

- If Unum pays them directly, how much money Unum paid them for the years 2020 and 2024; or if Unum pays their employer or entity that contracted with them for their work, how much money did Unum pay that entity for their work during the years 2020 and 2024.

**Plaintiff's Position:**

As an initial matter, Plaintiff notes this information is relevant and necessary to adequately depose Dr. Greenstein about his compensation, financial incentives, and general financial bias; each of which the Court noted as appropriate areas of inquiry at the discovery hearing. *See* Hrg. Transcript, at p. 51:9-1. Beyond being relevant and necessary to the deposition granted by the Court, it is well established that discovery into a consultant's compensation and financial arrangements is permissible under ERISA because such information goes to the consultant's general conflict of interest and whether such conflict affects the consultant's decisions. *See Allison v. Unum Life Ins. Co.*, 2005 WL1457636 (E.D. NY, Feb. 11, 2005). Courts in the Second Circuit further note this information is relevant to "[w]hether a medical consultant to a plan administrator exercises independent judgment or functions as an arm of the administrator," as well as the issue of arbitrary decision making. *See Burgio v. Prudential Life Ins. Co. of Am.*, 253 F.R.D. 219, 233 (S.D.N.Y. Sept. 24, 2008) (holding discovery into compensation and financial arrangements meets the reasonable chance standard and "may lead to evidence that will satisfy the good cause requirement."). Consistent with these cases, Plaintiff's Interrogatory No. 5(e) seeks information about how much Unum paid (either to Greenstein or to Dane Street) for his medical review services from 2020 through 2024. This information is necessary to understand Greenstein's compensation and financial arrangements and is directly relevant to his financial bias and conflict of interest. For the above reasons, Plaintiff asks that the Court order Defendants to provide complete responses to Interrogatory No. 5 (e) with respect to Dr. Neil Greenstein.

**Defendants' Position:**

Arrabito's request for the total amount of money paid by Unum to Dane Street during the years 2020 and 2024 must be rejected as beyond the scope of discovery permitted by this Court, beyond the scope of ERISA discovery, and excessively broad in time and scope. To put the request in perspective, Arrabito submitted a claim alleging total disability commencing January 22, 2020, which claim was approved under the 24 month mental illness benefit limitation. There was no

review by Dr. Greenstein in connection with that determination. Unum subsequently determined that Arrabito was not eligible for benefits beyond the 24 month mental illness maximum benefit period and closed the claim on July 25, 2022. Plaintiff appealed the termination of benefits and during the appeal Unum retained Dane Street to have the file reviewed by a qualified, third-party physician. Dane Street selected Dr. Greenstein, who issued his report on January 23, 2024.  Unum paid to Dane Street for its services, and the Dane Street in turn pay Dr. Greenstein.

The court has previously determined that the amount of money Dr. Greenstein is paid for services he provided on Unum claims is discoverable. See, hearing transcript, page 37 / line 17 – page 38 / line 19; 39/14 - 40/3; and page 51/2 - 52/13.   Arrabito's current request goes well beyond this limited discovery into the realm of a fishing expedition.

It is undisputed that Dane Street did not provide any opinion or any facts reviewed are relied upon in connection with the claim determination. Further, Unum is prepared to offer an affidavit or sworn declaration verifying that Dane Street is an independently contracted third party; that Unum pays Dane Street for its referral services; that Dane Street refers claims to different types of physicians; that Dane Street determines how much each of the reviewing physicians is paid; and that Unum has no knowledge of the amount of money any reviewing physician is paid by Dane Street. Thus, the total payments by Unum to Dane Street during any calendar year have no relevance to the amount of money received by any single physician. More specifically, the amount of money paid by Unum to Dane Street in 2020 and 2024 has no relevance to the amount of money received by Dr. Greenstein, or Dr. Greenstein's potential financial bias in 2024.

Arrabito argues that this information is necessary for the deposition of Dr. Greenstein, without giving any further explanation, and particularly failing to justify why the total amount of money paid to Dane Street during those two years is relevant to the amount paid to Dr. Greenstein for his review of this claim.  It is not. This is like insisting that a law firm disclose all of the money it paid to a court reporting agency over a multi-year period to suggest that a single stenographer might be biased. The firm pays the agency, not the stenographer; the agency sets the reporter's pay. The amount the firm spends on all depositions is irrelevant to whether the stenographer was biased in transcribing one case.  Put another way, again, total payments to one independently contracted party (Dane Street) who pays another independently contracted party (Dr. Greenstein) shed no light on the single individuals alleged impartiality.

Arrabito's reliance upon *Allison v UNUM Life Ins. Co.*, 2005 US Dist LEXIS 3465 [EDNY Feb. 11, 2005, No. CV 04-0025 (JS) (WDW), and *Burgio v. Prudential Life Ins. Co. of Am.*, 253 F.R.D. 219 (S.D.N.Y. Sept. 24, 2008) does not support her request. While those cases may support limited inquiry into financial bias of Dr. Greenstein, nothing in either supports the type of global request here.  Arrabito cites *Burgio* for the proposition that the requested information is relevant to "[w]hether a medical consultant to a plan administrator exercises independent judgment or functions as an arm of the administrator." *See Burgio v. Prudential Life Ins. Co. of Am.*, 253 F.R.D. 219, 233 (S.D.N.Y. Sept. 24, 2008) Dane Street is neither the medical consultant nor the administrator. The amount of money paid to Dane Street in 2020 is irrelevant to the denial of Plaintiff's claim in 2022. The total amount of money paid to Dane Street in 2024 for its services

referring multiple cases to multiple different physicians during that year likewise has no relevance to whether Dr. Greenstein had a financial bias in 2024.[1]

       Plaintiff's request goes beyond the scope of discovery previously permitted by the court, seeks information that has no relevance to Dr. Greenstein's alleged potential bias, is not necessary for Dr. Greenstein's deposition, and should be denied.

BY: *s/ Noah Breazeale*  
    Noah A. Breazeale*  
    414 McCallie Avenue  
    Chattanooga, Tennessee 37402  
    (423) 634-2506  
    (423) 634-2505 (fax)  
    nbreazeale@buchanandisability.com  
    *Admitted Pro Hac Vice*  
    *Attorneys for Plaintiff*

*s/ Louis P. DiGiaimo*  
Louis Philip DiGiaimo  
McElroy Deutsch  
One Hovchild Plaza  
4000 Route 66  
Tinton Falls, NJ 07753  
Tel: (973) 425-8843  
Email: ldigiaimo@mdmc-law.com  
*Attorneys for Defendants*

---

[1] The final claim determination was issued on February 13, 2024.

# Exhibit A



Eric L. Buchanan
*Licensed in Tennessee and Georgia*

Hudson T. Ellis
*Licensed in Tennessee, Georgia and the District of Columbia*

**ERIC BUCHANAN**
— & ASSOCIATES —

DISABILITY INSURANCE ATTORNEYS

PO Box 11208
Chattanooga, TN 37401

(877) 634-2506 ▪ (423) 634-2506
Fax (423) 634-2505
mail@buchanandisability.com
www.buchanandisability.com

<u>*Via Email*</u> ldigiaimo@mdmc-law.com

July 22, 2025

Mr. Louis P. Di Giaimo, Esq.
McElroy Deutsch, Mulvaney & Carpenter, LLP
One Hovchild Plaza
4000 Route 66
Tinton Falls, NJ 07753
Email: ldigiaimo@mdmc-law.com

      Re:    *Christina Arrabito v. First Unum Life Ins. Co., et al.* (No. 1:24-cv-05054)

Dear Mr. Di Giaimo:

      We received your clients' responses to Plaintiff's Interrogatories, Requests for Admission, and Requests for Production on January 4, 2025, and supplemental production of documents on March 5, 2025. We thereafter notified you many of Defendants' responses were incomplete or comprised mostly of improper boilerplate objections by letter dated March 18, 2025. Defendants' responded to the R37 letter on April 1, 2025, and provided additional responses to some but not all of Plaintiff's discovery requests. The parties thereafter brought a joint discovery dispute before the Court focused on Plaintiff's Interrogatory No. 6, Plaintiff's Request for Production No. 4, and the depositions of Katy Dixon and Neil Greenstein. As you know, the Court ultimately denied Plaintiff's motion to compel regarding Int. No. 6, RFP No.4, and the deposition of Katy Dixon, but granted Plaintiff leave to conduct the deposition Dr. Neil Greenstein (Ct. Doc. 39).

      Considering the Court's Order permitting the deposition and limited discovery into Dr. Greenstein's financial bias and conflict of interest, Plaintiff requires additional information responsive to Plaintiff's Interrogatory No. 5 that has not yet been provided. As explained below, this information is relevant to Dr. Greenstein's financial bias and is necessary for the limited deposition granted by the Court. To ensure we receive this information sufficiently in advance of the deposition of Dr. Neil Greenstein, we ask Defendants to respond to this letter and provide the missing information as soon as possible, but no later than 21 days from the date of this letter, or **August 12, 2025**.

Case 1:24-cv-05054-GHW-JW    Document 491    Filed 10/21/25    Page 7 of 9

Re: Christina Arrabito v. First Unum Life Ins. Co., et al. (C/A No. 1:24-cv-05054)
July 22, 2025
Page 2

## I. Notice of Deficiency of Response to Interrogatories:

**Original Interrogatory 5:**

> For each doctor who is not a Unum employee that reviewed, attended a meeting discussing, considered, or gave an opinion related to Plaintiff's Claim, please identify the following:
>
> a) Their name;
>
> b) The name of their employer or entity that contracted with them for their work related to Plaintiff's Claim;
>
> c) Unum's contract with that doctor, their employer, or the entity that contracted with them for their work.
>
> d) Whether they perform file reviews, medical examinations, or give opinions for any other disability insurance company or entity;
>
> e) If Unum pays them directly, how much money Unum paid them for the years 2020 and 2024; or if Unum pays their employer or entity that contracted with them for their work, how much money did Unum pay that entity for their work during the years 2020 and 2024.

**Defendant's Original Response to Interrogatory 5:**

> **ANSWER:** Defendants incorporate the General Objections made above and further object to this request on the following grounds: 1) it is compound, vague and ambiguous; 2) it is over broad and unduly burdensome in scope and time, particularly to the extent it requires Defendants to search for and compile information (i) pertaining to individuals who were not responsible for the decision to deny Plaintiff's claim, (ii) that was not used or relied upon to make the decision to deny Plaintiff's claim, or (iii) for an unspecified period of time and/or for a period of time beyond when Plaintiff's claim was adjudicated; 3) it seeks information that is neither relevant to the claims or defenses of any party to this litigation, nor proportional to the needs of the case considering the amount in controversy, the importance of the issues at stake in this action, and the importance of the discovery sought in resolving the issues, including for the reasons outlined in objection no. 2 above; 4) it seeks confidential proprietary business information; 5) to the extent it seeks information not within the possession, custody or control of

Case 1:24-cv-05054-GHW-JW    Document 491    Filed 10/21/25    Page 8 of 9

Re: Christina Arrabito v. First Unum Life Ins. Co., et al. (C/A No. 1:24-cv-05054)
July 22, 2025
Page 3

> Defendants; and 6) it seeks information beyond the permissible scope allowed by ERISA.
>
> Without waiving and subject to said objections, Defendants refer Plaintiff to the administrative record.

**Plaintiff's Original Notice of Deficiency regarding Interrogatory 5:**

This response is deficient because it does not provide sufficient information responsive to Subparts (c)-(e) of Interrogatory No. 5, and because Defendants boilerplate objections are insufficient to justify Defendants' refusal to provide the requested information. Specifically, the ERISA record does not identify or provide information regarding Defendants' contract with Dr. Neal Greenstein or his employer, whether he performs file-reviews, medical examinations, or gives opinions for any other disability insurance company or entity, nor does it identify how much money Defendants' paid him, or his employer, for the years of 2020 and 2024.

The amount of compensation Defendants paid to the specific third-party doctor(s) involved in Plaintiff's claim determination and the contractual terms applicable to the doctor(s)' involvement in the claim determination and/or claim review is highly relevant to the Court's review under the arbitrary and capricious standard. This bias and conflict of interest discovery is within the scope allowed and even recommended by the Supreme Court in *MetLife v. Glenn*; *see also Burgio v. Prudential Life Ins. Co. of Am.*, 253 F.R.D. 219, 234 (E.D.N.Y 2008); *Hogan-Cross v. Metro. Life Ins. Co.*, 568 F. Supp. 2d 410 (S.D.N.Y. 2008); *Nagele v. Electronic Data Systems Corp,* 193 F.R.D. 94 (W.D.N.Y. 2000).

To the degree Defendants' failure to provide information responsive to Subparts (d) and (e) is premised on an objection under SDNY L.R. 33.3(a), this objection is insufficient to insulate Defendants' refusal because her written Interrogatory No. 5 is the most practical method of obtaining the information sought by those subparts, and, therefore, permitted under SDNY L.R. 33.3(b). As for Defendants' failure to provide information responsive to Subpart (c), Plaintiff is willing to accept complete responses to her Request for Production No. 7 in lieu of further response to Subpart (c) of her Interrogatory No. 5.

**Defendants' Supplemental Response to Interrogatory No. 5:**

Unum further responds to interrogatory number 5 by stating that this request is only applicable to Dr. Greenstein, a Dane Street employee, and Dr. Bress, an independent contractor for Unum. Unum does not pay third-party doctors employed by Dane Street or any other vendor directly (Dr. Greenstein) and is without knowledge of how much they are compensated. Their compensation information must be obtained through the third-party medical vendor that employs them.

As to Dr. Greenstein, Unum will provide a copy of the Dane Street Pilot Services Agreement with applicable amendments and the Appeals Medical Review Statement of Work that were in effect when he completed his medical review of Plaintiff's claim in January 2024.

Re: Christina Arrabito v. First Unum Life Ins. Co., et al. (C/A No. 1:24-cv-05054)
July 22, 2025
Page 4

Unum will not agree to produce documents regarding payments made to Dr. Bress for all the reasons stated in its original response and objections.

**<u>Plaintiff's Supplemental Notice of Deficency regarding Interrogatory No. 5:</u>**

Defendants' response to Interrogatory No.5 remains incomplete and supplementation is necessary because Defendants did not respond to subsection (e), which is directly relevant to Dr. Greenstein's financial bias and necessary for the limited deposition granted by the Court. The amount of compensation Defendants paid to the specific third-party doctor(s) involved in Plaintiff's claim determination is highly relevant to the Court's review under the arbitrary and capricious standard. This bias and conflict of interest discovery is within the scope allowed and even recommended by the Supreme Court in *MetLife v. Glenn*; *see also Burgio v. Prudential Life Ins. Co. of Am.*, 253 F.R.D. 219, 234 (E.D.N.Y 2008); *Hogan-Cross v. Metro. Life Ins. Co.*, 568 F. Supp. 2d 410 (S.D.N.Y. 2008); *Nagele v. Electronic Data Sys. Corp,* 193 F.R.D. 94 (W.D.N.Y. 2000).

Defendants' statement that "Unum does not pay third-party doctors employed by Dane Street or any other vendor directly (Dr. Greenstein) and is without knowledge of how much they are compensated," is insufficient because Subsection (e) asks Defendants to identify *either* the amount paid directly to Dr. Greenstein or the amount paid to the entity that contracted with him for his work (i.e., Dane Street) during the years 2020 and 2024. While Defendants may not know the amount of compensation Dane Street paid to Dr. Greenstein for his services, Defendants do know and can identify how much they paid to Dane Street for his services during the Relevant Period.

Based on the above, Plaintiff asks Defendants to respond to Subsection (e) of Interrogatory No. 5 and identify how much money paid Dane Street for Dr. Greenstein's services during the Relevant Period as soon as possible. By way of compromise, Plaintiff is not seeking additional responses or information related to Dr. Bress.

## II.   CONCLUSION

I believe that this letter addresses our current concerns related to Defendants' deficient responses to Plaintiff's written discovery. I would be happy to discuss any of these items with you when you are ready to discuss them. As noted above, please let me know by 5:00 P.M. EST on **August 12, 2025**, whether Defendants intend to provide the remaining documents and information requested. If Defendants refuse to provide any further information despite this request, we will need to move forward with bringing another discovery dispute before the Court

Sincerely,

Noah Breazeale